UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RONNIE L. COUSIN (#89334)

VERSUS                                           CIVIL ACTION

E. FERGUSON, ET AL                               NUMBER 08-663-JJB-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 12, 2008.

_/s/ Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RONNIE L. COUSIN (#89334)

VERSUS                                                      CIVIL ACTION

E. FERGUSON, ET AL                                          NUMBER 08-663-JJB-SCR


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against E. Ferguson, T. Angelle and C. Dardonne. Plaintiff alleged that he was issued a false disciplinary report, was denied due process during a disciplinary board hearing, and was subjected to unconstitutional conditions of confinement in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992);

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on March 12, 2008, he asked Master Sergeant (MSgt.) Ferguson to contact the medical department and find out why his medical duty status was changed to regular duty. Plaintiff alleged that he told MSgt. Ferguson that he suffered from epilepsy and that he would not perform work in the fields because of his medical condition.  Plaintiff alleged that instead of contacting the medical department, MSgt. Ferguson  issued him a false disciplinary report for defiance and aggravated disobedience. Plaintiff alleged that he was not given a copy of the disciplinary report.

Plaintiff alleged that while being escorted to administrative lock down by Lt. Angelle, he requested a copy of the disciplinary report. Plaintiff alleged that Lt. Angelle denied his request for

a copy of the disciplinary report. Plaintiff alleged that on March 14, 2008, he appeared before the disciplinary board which was chaired by Lt. Col. Dardonne. Plaintiff alleged that he was found guilty of the disciplinary charges and was sentenced to a quarters change to Camp J Extended Lockdown and 30 days loss of good time credits.[1]

**False Disciplinary Report**

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

**Denial of Due Process / Loss of Good Time**

In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293 (1995), the Supreme Court held that the Due Process Clause itself does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). The Court further held that

---

[1] Plaintiff exhibit A.

only those restrictions which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" will invoke the prospect of state-created liberty interests. While *Sandin* made it clear that punishments which impact upon the duration of confinement,[2] or which exceed the sentence in an unexpected manner,[3] may give rise to protection by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection.  The loss of good time credits as a result of prison disciplinary proceedings may implicate protected liberty concerns.  *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001); *Murphy v. Collins*, 26, F.3d 541, 543 & n. 5 (5th Cir. 1994).

However, a state prisoner's claim for damages and declaratory relief are not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Edwards v. Balisok*, 520 U.S. 641, 643, 117 S.Ct. 1584,

---

[2] *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974); *Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415 (1987).

[3] *See, e.g., Vitek v. Jones*, 445 U.S. 480, 493, 100 S.Ct. 1254, 1263-64 (1980) (transfer to mental hospital); *Washington v. Harper*, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037 (1990) (involuntary administration of psychotropic drugs).

1586 (1997); *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372-2373 (1994)); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (finding favorable ruling on request for injunctive relief would necessarily imply the invalidity of loss of good time credits.)  A conviction for purposes of *Heck* includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good time credits. *Edwards*, 520 U.S. 641, 643-648.

Plaintiff's claim falls squarely within the Court's holding in *Heck/Balisok*.  Plaintiff's damage claim seeks monetary damages for the deprivation of good time credits and directly calls into question the lawfulness of length of his confinement.  Because the deprivation of his good time credits essentially increases the plaintiff's sentence, a judgment in the plaintiff's favor would necessarily imply that his increased sentence is invalid. *Heck*, 114 S.Ct. at 2372.  Yet, the plaintiff failed to show that he has successfully challenged his confinement or disciplinary sentence in any other proceeding.  Plaintiff offered no proof that the decision of the disciplinary board which resulted in the forfeiture of good time credits has been reversed, expunged set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus.  Therefore, the plaintiff's due process claim is not cognizable under § 1983 at this time.

Because *Heck* dictates that a cause of action seeking damages

5

under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the length of imprisonment has been invalidated, the plaintiff's denial of due process claim should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

**Unconstitutional Conditions of Confinement**

Plaintiff alleged that he was subjected to unconstitutional conditions of confinement while housed in extended lockdown. Specifically, the plaintiff alleged that he received inadequate portions of food and his cell smelled like human waste because of a defective toilet seal.

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged unconstitutional conditions of confinement.

Even assuming that the plaintiff's allegations are sufficient to state a physical injury, he nonetheless failed to allege any facts against the named defendants which rise to the level of a constitutional violation.  To be liable under § 1983, a person must either be personally involved in the acts causing the alleged

deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff alleged that food servers and unidentified guards rationed the amount of food he received. Plaintiff did not allege that any of the named defendants were responsible for serving him food or for the repair and maintenance of the toilet facilities.

## Conclusion

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(e).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(e).

Baton Rouge, Louisiana, November 12, 2008.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE